IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Christopher Jones, | ) | C/A No. 6:25-cv-12788-TMC-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Quality Asset Recovery, LLC; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed by a *pro se* and *in forma pauperis* plaintiff. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district judge.

The plaintiff's complaint was entered on the docket on October 27, 2025 (doc. 3), and his amended complaint was entered on the docket on December 1, 2025 (doc. 13). On December 19, 2025, the undersigned issued an order informing the plaintiff that his amended complaint was subject to dismissal as drafted and providing him with time to file a second amended complaint to correct the deficiencies noted in the order (doc. 15). The plaintiff was informed that if he failed to file a second amended complaint or cure the deficiencies outlined in the order, the undersigned would recommend that the claims be dismissed (*id*. at 3–4). The plaintiff has failed to file a second amended complaint and the deadline has expired. Accordingly, the undersigned recommends that the instant matter be dismissed.

## ALLEGATIONS

This is a civil action filed by the plaintiff, seeking money damages and injunctive relief from the defendant (doc. 13). The plaintiff alleges that the defendant is

violating the Fair Debt Collection Practices Act ("FDCPA") (*id*. at 4). The plaintiff contends that the defendant is violating his rights because he did not authorize the sale or assignment of his medical debt to the defendant (*id*.). The plaintiff contends that his claims arose during June through August 2024 (*id*. at 5). The plaintiff alleges that the defendant unlawfully tried to collect a medical debt (*id*.). For relief, the plaintiff seeks "maximum relief available under federal law" (*id*. at 6).

## STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

As noted above, the plaintiff filed the instant action seeking damages from the defendant. As addressed below, the plaintiff's amended complaint is subject to dismissal.

**Fair Debt Collection Practices Act Claim**

The plaintiff asserts in the amended complaint that the defendant violated his rights pursuant to the FDCPA by attempting to collect a medical debt (*see* doc. 13). To state a claim under the FDCPA, a plaintiff must plausibly allege that (1) he was the object of collection activity arising from consumer debt as defined in the FDCPA; (2) the defendant is a debt collector as defined in the FDCPA; and (3) the defendant engaged in an act or

2

omission prohibited by the FDCPA. *See e.g., Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (*per curiam* unpublished decision); *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). Here, the plaintiff's amended complaint contains nothing more than vague and conclusory assertions that his rights under the FDCPA have been violated by the defendant. *See Weller*, 901 F.2d at 391 (noting that "a district court is not required to recognize obscure . . . claims defying the most concerted efforts to unravel them" or act as an advocate for a *pro se* party (internal quotation marks and citation omitted)); *see also Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). Further, the plaintiff has identified no improper action by the defendant other than that the debt the defendant sought to collect was a medical debt, which is not unlawful or a practice prohibited by the FDCPA. *See Johnson*, 867 F. Supp. 2d at 776 (noting conduct prohibited by the FDCPA). As such, the plaintiff's FDCPA claim is subject to summary dismissal.

## **RECOMMENDATION**

By order issued December 19, 2025, the undersigned provided the plaintiff an opportunity to correct the defects identified in his amended complaint and further warned the plaintiff that if he failed to timely file a second amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed *with prejudice* and without leave for further amendment (doc. 15). The plaintiff has failed to file a second amended complaint within the time provided. As such, in addition to the reasons discussed herein, this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. Therefore, in light of the plaintiff's failure to respond to this court's order regarding amendment, the undersigned recommends that the district court dismiss this action *with* prejudice, without

3

further leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 2022 WL 3590436 (4th Cir. Aug. 17, 2022) (mem.) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the following page**.

         **IT IS SO RECOMMENDED**.

<u>s/Kevin F. McDonald</u>
United States Magistrate Judge

January 14, 2026
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

        The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

        Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

        **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).